BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 25 1974

PATRICIA HOWARD
CLERK OF THE PANEL

IN RE PITTSBURGH AND LAKE ERIE RAILROAD   )
COMPANY SECURITIES & ANTITRUST LITIGATION )   DOCKET NO. 134

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation involves the alleged mismanagement of the Pittsburgh and Lake Erie Railroad Company by certain of the company's directors who also served as directors of the railroad's majority shareholder, the Penn Central Transportation Company.

Plaintiffs are minority shareholders of the railroad and they charge that the named directors were unduly subservient to Penn Central and violated federal securities and antitrust laws in connection with certain rail car purchases and unsecured loans executed between the two companies. They are pursuing their claims on behalf of a class of minority shareholders and derivatively on behalf of the railroad company itself. Plaintiffs move the Panel for an order transferring all the actions to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. The majority of

- 2 -

defendants 1/, including the common defendant railroad company, oppose transfer.

On the basis of the briefs submitted and the hearing held, we find that these actions involve common questions of fact and that transfer of these actions to the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. 2/

The parties oppose transfer on the ground that these actions do not involve complex issues of fact and that, in any

---

1/ The action listed on Schedule A pending in the Northern District of Ohio originally included the National City Bank of Cleveland, Ohio, and others as defendants. The Bank strenuously objected to transfer of that Ohio action citing an alleged conflict between the purposes of Section 1407 and the venue policy of federal bank statute 12 U.S.C. §94. The operation of that bank statute, however, in no way precludes transfer under Section 1407. See In re Great Western Ranches Litigation, ___ F. Supp. ___, ___ n.1 (J.P.M.L., filed January 10, 1974). In any event, since the Honorable William K. Thomas has dismissed all of plaintiffs' claims in the Ohio action, except those against Pittsburgh and Lake Erie Railroad, the question of the propriety of transfer of the claims asserted against the bank is now moot.

2/ In order to expedite the pretrial processing of this litigation, we filed a brief order on October 11, 1973 transferring these actions to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. This per curiam opinion embodies the reasons for our decision.

event, most of the discovery concerning the common facts has been completed in the Crowell action in Philadelphia. They also point out that motions to dismiss are pending in several of the actions and they urge the Panel to deny transfer pending disposition of those motions by the transferor courts.

These arguments are not persuasive. The complaints in these actions raise common questions of fact encompassing the same transactions and transfer to a single district is necessary in order to avoid repetition of that discovery already accomplished in the Philadelphia action and duplication of anticipated discovery. Furthermore, we think the efficient administration of all these actions will best be served if processed through the pretrial stages by a single judge with control over all aspects of this litigation.

Clearly, the Eastern District of Pennsylvania is the most appropriate transferee forum for this litigation. Practically all the documents relating to the sale and loan transactions in issue are located in that district. In addition, a majority of defendants in this litigation are already before the Philadelphia court in the two actions pending there and transfer of all actions to that district for coordinated or consolidated pretrial proceedings under Section 1407 will undoubtedly serve the convenience of those parties and their witnesses. In addition, Judge James H. Gorbey, who has supervised the discovery in the Philadelphia actions, has already acquired a thorough knowledge of the issues involved in this litigation and will be

- 3 -

event, most of the discovery concerning the common facts has been completed in the Crowell action in Philadelphia. They also point out that motions to dismiss are pending in several of the actions and they urge the Panel to deny transfer pending disposition of those motions by the transferor courts.

These arguments are not persuasive. The complaints in these actions raise common questions of fact encompassing the same transactions and transfer to a single district is necessary in order to avoid repetition of that discovery already accomplished in the Philadelphia action and duplication of anticipated discovery. Furthermore, we think the efficient administration of all these actions will best be served if processed through the pretrial stages by a single judge with control over all aspects of this litigation.

Clearly, the Eastern District of Pennsylvania is the most appropriate transferee forum for this litigation. Practically all the documents relating to the sale and loan transactions in issue are located in that district. In addition, a majority of defendants in this litigation are already before the Philadelphia court in the two actions pending there and transfer of all actions to that District for coordinated or consolidated pretrial proceedings under Section 1407 will undoubtedly serve the convenience of those parties and their witnesses. In addition, Judge James H. Gorbey, who has supervised the discovery in the Philadelphia actions, has already acquired a thorough knowledge of the issues involved in this litigation and will be

- 4 -

able to design a pretrial program which will avoid duplicative discovery and insure the expeditious handling of all the actions.

IT IS THEREFORE ORDERED that all actions on Schedule A pending in districts other than the Eastern District of Pennsylvania be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James H. Gorbey for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mary S. Crowell, et al. v. The Pittsburgh & Lake Erie Railroad Company, et al. | Civil Action No. 72-1408 |
| Edward S. Bristol, et al. v. The Pittsburgh & Lake Erie Railroad Company, et al. | Civil Action No. 72-2479 |

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Edward S. Bristol v. The Pittsburgh & Lake Erie Railroad Company, et al. | Civil Action No. 1983-72 |

### DISTRICT OF CONNECTICUT

| | |
|---|---|
| Edward S. Bristol, et al. v. The Pittsburgh & Lake Erie Railroad Company, et al. | Civil Action No. 15,500 |

### NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Edward S. Bristol, et al. v. The Pittsburgh & Lake Erie Railroad Company, et al. | Civil Action No. C-72-1367 |

### EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Edward S. Bristol, et al. v. The Pittsburgh & Lake Erie Railroad Company, et al. | Civil Action No. 72-C-680 |

### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Edward S. Bristol, et al. v. The Pittsburgh & Lake Erie Railroad Company, et al. | Civil Action No. 72-2003-Civ-NCR |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edward S. Bristol, et. al. v. The Pittsburgh & Lake Erie Railroad Company, et al. | Civil Action No. C-72-2300-SW |